UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CURTIS MEANS #552736,

    Petitioner,

v.                                                Case No. 2:09-cv-112
                                                  HON. R. ALLAN EDGAR

JEFFREY WOODS,

    Respondent.
_____/

**MEMORANDUM AND ORDER**

Curtis Means, a Michigan state prisoner in the custody of the Michigan Department of Corrections, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. The habeas petition was referred to Magistrate Judge Timothy P. Greeley for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and W.D. Mich. LCivR 72.1(d).

On May 17, 2011, Magistrate Judge Greeley submitted his report recommending that the habeas petition be denied on the ground that it is time-barred by the one-year statute of limitations in 28 U.S.C. § 2244(d)(1)(A). [Court Doc. No. 7]. 28 U.S.C. § 2244(d)(1)(A) provides that a one-year period of limitation shall apply to an application for a writ of habeas corpus by a state prisoner who is in custody pursuant to the judgment of a state court. The limitation period shall run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

Petitioner Means objects to the report and recommendation. [Court Doc. No. 8]. He argues that his habeas petition is timely filed within the applicable one-year statute of limitations. In support of his objection, Means submits copies of documents from the Michigan Court of Appeals

and the Michigan Supreme Court showing the procedural history and final disposition of his appeal in the Michigan state courts. After reviewing the record *de novo*, the Court finds that the objection the report and recommendation is well taken.

The records shows the following facts. On September 6, 2005, Means was convicted and sentenced in the Fourteenth Judicial Circuit Court in Muskegon County, Michigan, on charges of armed robbery, fleeing and eluding, resisting arrest, and habitual offender second degree pursuant to his guilty plea. Means filed a delayed application for leave to appeal which was denied by the Michigan Court of Appeals on February 7, 2007, on the ground that it was untimely.

Means next filed an application for leave to appeal in the Michigan Supreme Court. On December 20, 2007, the Michigan Supreme Court ordered that the case be remanded to the Michigan Court of Appeals. The order directed the Michigan Court of Appeals on remand to: (1) treat the delayed application for leave to appeal as having been timely filed within the deadline set forth in MCR 7.205(F); and (2) decide whether to grant, deny, or order relief to Means in accordance with MCR 7.205(D)(2).

On February 8, 2008, the Michigan Court of Appeals entered an order denying the delayed application for leave to appeal "for lack of merit in the grounds presented." [Court Doc. No. 8-1, p. 8]. Means filed an application for leave to appeal this adverse decision to the Michigan Supreme Court. On May 27, 2008, the Michigan Supreme Court denied his application for leave to appeal. [Court Doc. No. 8-1, p. 10]. The final order denying the application to take an appeal from his judgment of conviction and sentence was entered by the Michigan Supreme Court on May 27, 2008.

Means did not file a petition for writ of certiorari to the United States Supreme Court. However, he had 90 days within which to file a petition for writ of certiorari if he chose to do so. The one-year time limit statute for filing a petition for writ of habeas corpus in this United States

District Court under 28 U.S.C. § 2254 did not commence to run until the 90-day period in which Means could have filed a petition for writ of certiorari to the United States Supreme Court expired. *Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The 90-day period expired on August 25, 2008. This Court calculates that Means had one year from August 25, 2008, within which to file his habeas petition pursuant to § 2244(d)(1)(A). To comply with the one-year period of limitation in 28 U.S.C. § 2244(d)(1)(A), Means was required to file his habeas petition on or before August 25, 2009.

The Court finds that Means did timely file his § 2254 habeas petition prior to the deadline of August 25, 2009, and his habeas petition is not time-barred by the one-year statute of limitation in 28 U.S.C. § 2244(d)(1)(A). The Clerk of this District Court received the habeas petition on May 18, 2009. Prisoner Means mailed the habeas petition on May 11, 2009, at the MDOC facility where he was imprisoned. [Court Doc. No. 2]. Applying the prisoner mailbox rule, the Court deems the habeas petition to have been timely filed by Means on May 11, 2009.

Accordingly, the District Judge does not accept and adopt the report and recommendation. This case is referred back to Magistrate Judge Greeley for further review.

SO ORDERED.

Date:  June 10, 2011.


                            */s/ R. Allan Edgar*
                            R. ALLAN EDGAR
                            UNITED STATES DISTRICT JUDGE