UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CURTIS DWAYNE MEANS,

        Petitioner,

v.                                              Case No. 2:09-cv-112
                                              HON. R. ALLAN EDGAR

JEFFREY WOODS,

        Respondent.
_____/

**REPORT AND RECOMMENDATION**

        Petitioner Curtis Dwayne Means filed this petition for writ of habeas corpus challenging his conviction after a no contest plea to armed robbery, resisting and obstructing a police officer and fleeing and eluding. Petitioner was sentenced as a habitual offender and received a 12 to 40 year term of imprisonment for armed robbery, a 2 to 3 term of imprisonment for resisting and obstructing and 28 months to 7 years 6 months for fleeing and eluding. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.

        Petitioner raised the following issues in his petition:

        I. Petitioner was denied effective assistance of appellate counsel.

        II. Whether petitioner was denied due process where he was not allowed to challenge the legality of stipulation disqualifying chosen counsel.

        III. Whether petitioner was completely denied his right to counsel at a critical stage of the prosecution.

        IV. Whether seclusion of petitioner for erroneous disqualification hearing of his chosen counsel violated due process.

Respondent has asserted that petitioner failed to exhaust these claims by properly presenting them to the state courts. Petitioner has responded by filing a motion to stay the proceedings so that he can exhaust his claims by filing a motion for relief from judgment in the state courts. Petitioner has not indicated whether he has filed a motion for relief from judgment in the state courts and whether he is currently attempting to exhaust his state law remedies.[1]

Over one year after his conviction and sentence, petitioner filed a motion to withdraw his guilty plea. The trial court denied the motion. The Michigan Court of Appeals denied the motion. The Michigan Supreme Court ordered the Michigan Court of Appeals to process petitioner's application for leave to appeal as if it were timely filed and imposed costs against petitioner's appellate counsel. Petitioner sought to supplement his application for leave to appeal but the supplement was denied. The Michigan Court of Appeals then denied leave to appeal for lack of merit in the grounds presented. Petitioner sought leave to appeal in the Michigan Supreme Court raising his original issues and the issues that he presents in this petition. The Michigan Supreme Court denied leave to appeal because they were not persuaded that the questions presented should be reviewed by the court.

Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77

---

[1] Petitioner does not need an order or approval from this court to pursue any available state court remedies to exhaust issues that he believes were never fairly presented in the state courts.

(1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

Presentation of an issue for the first time on discretionary review to the state supreme court does not fulfill the requirement of "fair presentation." *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Applying *Castille*, the Sixth Circuit holds that a habeas petitioner does not comply with the exhaustion requirement when he fails to raise a claim in the state court of appeals, but raises it for the first time on discretionary appeal to the state's highest court. *See Dunbar v. Pitcher*, No. 98-2068, 2000 WL 179026, at *1 (6th Cir. Feb. 9, 2000); *Miller v. Parker*, No. 99-5007, 1999 WL 1282436, at *2 (Dec. 27, 1999); *Troutman v. Turner*, No. 95-3597, 1995 WL 728182, at *2 (6th Cir. Dec. 7, 1995); *accord Parkhurst v. Shillinger*, 128 F.3d 1366, 1368-70 (10th Cir. 1997); *Ellman v. Davis*, 42 F.3d 144, 148 (2d Cir. 1994); *Cruz v. Warden of Dwight Corr. Ctr.*, 907 F.2d 665, 669 (7th Cir. 1990). Unless the state supreme court actually grants leave to appeal and reviews the issue, it remains unexhausted in the state courts. Petitioner's application for leave to appeal was denied, and, thus, as petitioner concedes, the issues presented were never reviewed.

Petitioner moves to stay this proceeding so that he can exhaust his issues in a motion for relief from judgment in the state courts. However, staying the proceeding will serve no purpose. If petitioner diligently pursues a motion for relief from judgment in the state courts and exhausts the

issues that he would like to present, petitioner could file a new petition raising his exhausted claims so long as it is not barred by the one year statute of limitations period. It is important for petitioner to pursue his motion for relief from judgment in a timely manner in order to preserve the opportunity to raise his claims in federal court. Staying the proceeding does not appear necessary at this time.

Accordingly it is recommended that the Petition be dismissed without prejudice for failure to exhaust state court remedies and that petitioner's motion to stay this proceeding (Docket #27) be denied.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

The undersigned recommends that the court deny Petitioner's application for failure to exhaust his issues in the state courts. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid

claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The undersigned concludes that reasonable jurists could not debate that each of Petitioner's claims are properly dismissed for failure to exhaust. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley
    TIMOTHY P. GREELEY
    UNITED STATES MAGISTRATE JUDGE

Dated:   July 26, 2012