UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CURTIS DWAYNE MEANS,

    Petitioner,

v.                                      Case No. 2:09-cv-112
                                        HON. R. ALLAN EDGAR

JEFFREY WOODS,

    Respondent.
_____/

**MEMORANDUM AND ORDER**

       Curtis Dwayne Means ("Means"), a Michigan prisoner in the custody of the Michigan Department of Corrections, brings a petition for writ of habeas corpus under 28 U.S.C. § 2254. He challenges the validity of the judgment of conviction entered against him in 2005 by the Circuit Court of Muskegon County, Michigan. Pursuant to his pleas of no contest Means was convicted on charges of armed robbery in violation of M.C.L. § 750.529, resisting and obstructing a police officer in violation of M.C.L. § 750.81d, and fleeing and eluding in violation of M.C.L. § 750.479. He was sentenced as a second habitual offender, M.C.L. § 769.10, to the following terms of imprisonment: 12 to 40 years for the armed robbery, 2 to 3 years for resisting and obstructing a police officer, and 28 months to 7 years and 6 months for fleeing and eluding.

       In his 28 U.S.C. § 2254 habeas petition, Means raises the following claims or issues: (1) he was denied the effective assistance of appellate counsel when his counsel failed to raise on direct appeal in the Michigan courts the other issues set forth in his present habeas petition; (2) whether he was denied due process when he was not allowed to be present during the hearing where his

chosen counsel was disqualified and not allowed to challenge the legality of counsel's disqualification; (3) whether he was denied the right to counsel at a critical stage of the prosecution; and (4) whether his exclusion from the hearing where his counsel was disqualified violated his right to due process.

Respondent Woods correctly contends that all of these claims and issues in the habeas petition must be dismissed because Means has not properly presented them to the Michigan state courts for review and Means has thereby failed to exhaust his remedies available in the Michigan courts as required by 28 U.S.C. § 2254(b)(1)(A). *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

Means concedes that all of the claims raised in his habeas petition have not been properly presented by him to all levels of the Michigan state courts including the Michigan Supreme Court. In short, Means concedes that he has not fully exhausted his remedies available in the Michigan courts. There is a motion by Means to stay this habeas proceeding and hold the habeas petition in abeyance until he can exhaust his remedies in the Michigan courts. [Court Doc. 27].

Magistrate Judge Timothy P. Greeley has submitted a report and recommendation that the habeas petition be denied and dismissed without prejudice on the ground that Means has not exhausted his remedies available in the Michigan courts as required by 28 U.S.C. § 2254(b)(1)(A). To fulfill and satisfy the exhaustion requirement, Means must fairly present his federal constitutional claims to all levels of the Michigan state appellate system, including the Michigan Supreme Court, which he has failed to do. It is recommended that the motion to stay the habeas proceeding and hold the habeas petition in abeyance be denied. It is further recommended that a certificate of appealablity be denied under 28 U.S.C. § 2253(c)(2). [Court Doc. No. 32].

Means has filed an objection to the report and recommendation. [Court Doc. No. 33]. After

reviewing the record *de novo*, the Court concludes that his objection is without merit and DENIED.

The Court ACCEPTS and ADOPTS the Magistrate Judge's report and recommendation [Court Doc. No. 32] pursuant to 28 U.S.C. § 636(b)(1) and W.D. Mich. LCivR 72.3(b).  The motion by Means to stay this habeas proceedings and hold his habeas petition in abeyance [Court Doc. No. 27] is DENIED.  The habeas petition brought under 28 U.S.C. § 2254 is DENIED and DISMISSED WITHOUT PREJUDICE on the ground that Means has not exhausted his remedies available in the Michigan state courts. 28 U.S.C. § 2254(b)(1)(A).

If petitioner Means files a notice of appeal, it will be treated as an application for a certificate of appealability which shall be DENIED pursuant to 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1); and *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) for the same reasons expressed in the report and recommendation.  Reasonable jurists could not find it debatable that all of the claims in the habeas petition are properly dismissed without prejudice on the ground that Means has not exhausted his remedies available in the Michigan courts.

A separate judgment will enter.

SO ORDERED.

Dated:  August 15, 2012.

                                            /s/    R. Allan Edgar
                                              R. ALLAN EDGAR
                                     UNITED STATES DISTRICT JUDGE